A89A0780. WALKER et al. v. HOOVER.
(383 SE2d 208)

BIRDSONG, Judge.

This is an appeal from the trial court's order granting summary judgment to appellee. Appellee's motion for summary judgment was based upon belated service of process after expiration of the statute of limitation and the doctrine of laches.

Appellants/plaintiffs and appellee/defendant were involved in an automobile collision on January 6, 1986. At that time appellee pro-

vided the police investigator with his correct name, home address, and phone number, which were accurately recorded in the resulting police accident report. Appellee continued to live at the same address, located in Clayton County, and continued to have the same telephone number as appears on the accident report.

On December 17, 1987, appellant filed the instant complaint, seeking damages for personal injuries sustained in the collision in Henry County. On December 22, 1987, Captain Gilmer of the Henry County Sheriff's Department marked on the return of service that after a diligent search the appellee was "not to be found in the jurisdiction of this Court." The two-year statute of limitation expired the first week in January 1988, OCGA § 9-3-33, before service was accomplished. Over a month later, on February 15, 1988, appellant's attorney wrote to the Sheriff of Henry County confirming that appellee resided at the address shown on the complaint and suggesting service be attempted at night. On February 22, 1988, Deputy Sheriff Maddox of the Henry County Sheriff's Department marked on another return of service that after diligent search appellee was "not to be found in the jurisdiction of this Court." At some point before March 7, 1988, appellant's counsel learned from the sheriff's office that appellee in fact resided in Clayton County and requested return of the complaint so it could be served in Clayton County. Appellee was served with process on April 5, 1988, approximately three months after expiration of the statute of limitation.

In granting appellee's motion for summary judgment, the trial court made detailed findings of fact and conclusions of law, including the finding that appellee "has neither concealed his whereabouts nor avoided service of process at any time regarding this lawsuit." *Held*:

In *McCane v. Sowinski*, 143 Ga. App. 724 (240 SE2d 132), we stated: "The complaint was filed near the expiration of the period provided by the applicable statute of limitation but service of process did not occur within the five days allowed by [OCGA § 9-11-4 (c)] . . . nor within the period of the statute of limitation. Whether defendant's motion to dismiss the complaint as barred by the statute of limitation should be granted is determined by whether the plaintiff has shown that he acted in a reasonable and diligent manner in attempting to assure that a proper service was made as quickly as possible." Plaintiff must carry the burden to show diligent service. *Miller v. Hands*, 188 Ga. App. 256, 257 (372 SE2d 657); *Daughtry v. Cohen*, 187 Ga. App. 253, 254 (370 SE2d 18); *Jarmon v. Murphy*, 164 Ga. App. 763 (298 SE2d 510). Further, "the trial court's exercise of . . . discretion in these matters will not be overturned on appeal, unless it has been actually abused and cannot be supported as a matter of law." *Varricchio v. Johnson*, 188 Ga. App. 144, 146 (372 SE2d 445); *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138).

Although the plaintiff/appellant apparently relies on alleged misinformation from postal authorities and the failure of the sheriff's department to tell her in which county the defendant resided, the plaintiff/appellant was obligated to ascertain this information before filing suit. See *Jarmon v. Murphy*, supra; *Cheek v. Norton*, 106 Ga. App. 280, 285 (126 SE2d 816). Accordingly, she cannot excuse her lack of diligence by attempting to place responsibility on others. Further, assuming arguendo that her failure to bring this action in the proper county could be excused, the receipt of the sheriff's first return of service advising that the defendant could not be found within the court's jurisdiction "should have put [her] on notice and inspired [her], through counsel, to exercise the greatest possible diligence to ensure proper and timely service." *Roberts v. Bienert*, 183 Ga. App. 751, 752 (360 SE2d 25). Although the plaintiff/appellant surely knew that the expiration of the period of limitation was rapidly approaching, the record does not disclose that she attempted to perfect service in a diligent and reasonable manner. See *Forsyth v. Brazil*, supra.

Appellant's brief contained certain assertions of fact not supported by evidence of record. We cannot consider such bare assertions on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (366 SE2d 223). On appeal this court is bound to construe the evidence in support of the judgment. *Locke v. Vonalt*, 189 Ga. App. 783 (377 SE2d 696); *McLarty v. Kushner*, 173 Ga. App. 432 (1) (326 SE2d 777). Applying these principles, we find that the trial judge did not abuse his discretion.

Appellant's other enumerations of error are without merit.
*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 8, 1989.

*Jerry B. Hatcher*, for appellants.
*Fain, Major & Wiley, Thomas E. Brennan*, for appellee.

