A90A0806. McMANUS v. SAUERHOEFER et al.
(397 SE2d 715)

SOGNIER, Judge.

Brien McManus brought suit against Thomas James Sauerhoefer, Sr. and his son, Thomas James Sauerhoefer, Jr., to recover for damages allegedly sustained in a collision between a car in which McManus was a passenger and a car owned by Sauerhoefer, Sr. and driven by Sauerhoefer, Jr. McManus appeals from the dismissal of his complaint for failure to perfect service of process within the statute of limitation or a reasonable time thereafter.

The record reveals that the automobile collision out of which this action arose occurred on January 30, 1987. Appellant filed suit against appellees in DeKalb County on January 25, 1989 and gave as the service address for both defendants the address listed in the police report. On February 1, appellant was notified by the DeKalb County Superior Court clerk that the sheriff's office had determined that the service address was located in Gwinnett County, not DeKalb, and

that Sauerhoefer, Jr. no longer resided at that address. Appellant then filed a motion to transfer the case to Gwinnett County on February 29, the motion was granted on March 13, and Sauerhoefer, Sr. was served at the Gwinnett address on April 3. Notorious service was effected as to Sauerhoefer, Jr. on that date at the same address.

Appellees filed a joint answer in which they asserted defenses of laches and expiration of the statute of limitation as to both, and insufficient service and lack of jurisdiction and venue as to Sauerhoefer, Jr. On August 21, in response to interrogatories served on May 3, 1989, appellees filed their responses in which they stated the factual bases for their affirmative defenses and disclosed Sauerhoefer, Jr.'s current address. Appellant also deposed appellees on October 10, 1989. On October 13, two days before the pretrial order was due, appellees filed their motion to dismiss. Sauerhoefer, Jr. was personally served by the Gwinnett County Sheriff's Department on November 7. The record also reveals that at all times relevant to this action, Sauerhoefer, Sr. resided at the address listed in the police report, but Sauerhoefer, Jr. moved from that residence to DeKalb County four months after the accident.

On appeal, appellant concedes the trial court's ruling was correct as to Sauerhoefer, Jr., who was not personally served until 283 days after expiration of the statute of limitation, but contends the dismissal of Sauerhoefer, Sr. constituted an abuse of the trial court's discretion because the delay of 63 days was reasonable under the circumstances. We cannot agree. The statute of limitation in this action, which under OCGA § 9-3-33 expired on January 29, 1989, four days after the action was filed, could be tolled only if appellant exercised reasonable diligence to perfect service. E.g., *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986). In such circumstances the trial court must examine all the underlying facts to ascertain whether the plaintiff was guilty of laches, which would bar the action. This determination is a matter within the trial court's discretion and will not be disturbed on appeal absent an abuse of that discretion. Id.

In the case at bar, appellant learned on February 1 that he had the correct address but the wrong county for Sauerhoefer, Sr., yet appellant did not perfect service on Sauerhoefer, Sr. for another two months. While appellant ultimately did move to transfer the action, that motion was not filed until four weeks after appellant learned the service address was in Gwinnett County, and appellant did not perfect service for 22 days after the motion to transfer was granted. Additionally, in the interim appellant made no attempt to serve Sauerhoefer, Sr. in Gwinnett County by second original (see OCGA § 9-11-4 (c)). Although appellant averred that he relied on an insurance adjuster's statement that the service address was in DeKalb County, appellant bore the obligation of ascertaining the correct information

before filing suit, *Walker v. Hoover*, 191 Ga. App. 859, 861 (383 SE2d 208) (1989), and "cannot excuse [his] lack of diligence by attempting to place responsibility on others. Further, assuming arguendo that [his] failure to bring this action in the proper county could be excused, the receipt of the sheriff's first return of service advising that [appellees] could not be found within the court's jurisdiction 'should have put [him] on notice and inspired [him], through counsel, to exercise the greatest possible diligence to ensure proper and timely service.' [Cit.]" Id.

Accordingly, we find the trial court did not err by concluding that appellant had not met the burden of showing diligent service, and we affirm the judgment rendered below.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 18, 1990 —
REHEARING DENIED OCTOBER 1, 1990 — 

*John E. Sacker, Jr., Michael J. Trost*, for appellant.
*Rowe & McGarity, William P. Rowe III*, for appellees.

