A91A0029. NEE v. DIXON.
(405 SE2d 766)

SOGNIER, Chief Judge.

Mary Lou Fouts Nee brought suit against John Wesley Dixon to recover damages for injuries allegedly incurred in an automobile collision. The trial court granted summary judgment to Dixon on the ground that Nee had not exercised due diligence in effecting service of process before the statute of limitation expired. Nee appeals.

The collision at issue occurred on July 16, 1987. The police report listed appellee's address as 3979 Majestic Drive, S. W., Atlanta, Georgia 30331. Appellant mailed a letter to appellee at that address sometime in 1988, and he then talked with her by telephone. Appellant filed suit in Fulton County Superior Court on July 14, 1989, listing two addresses for appellee, one of which was the Majestic Drive address shown on the police report. The sheriff's department returned process forms to appellant the next week stating that neither address was in Fulton County. On August 14, 1989, appellant obtained appointment of Mark Foster as a special process server. Foster averred

that Majestic Drive was not on maps of either the city of Atlanta or Fulton County, and that he consulted with law enforcement officials in several jurisdictions but none was able to locate Majestic Drive. Ultimately, the East Point police pinpointed the address in Fulton County near the DeKalb and Clayton County lines, and Foster served appellee with process on February 4, 1990, 205 days after the statute of limitation expired. Appellee testified by affidavit that he had lived continuously at the Majestic Drive address for nine years prior to the date he was served, and that he was not a transient.

It is well established that the mere filing of a lawsuit does not toll the statute of limitation in that "[w]here service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to [e]nsure that a proper service was made as quickly as possible. . . . The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Punctuation and citations omitted.) *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986).

We find no abuse of discretion in the trial court's decision. The circumstances in this case are virtually identical to those in *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989), in which we affirmed the grant of summary judgment to the defendant on statute of limitation grounds where the plaintiff obtained the defendant's correct address from the accident report, but after the sheriff's department gave her erroneous information concerning the county in which the defendant resided, she failed to effect service until three months after expiration of the limitation period. Here, as in *Walker*, appellant was aware of appellee's correct address at all times, and the burden was upon her to ascertain the county in which appellee resided before filing suit. Id. at 861. The appointment of a special process server and the apparent error of the deputy sheriff did not absolve appellant of the obligation to obtain the necessary information and serve appellee promptly, for she "cannot excuse her lack of diligence by attempting to place responsibility on others." Id. Further, even if her initial failure to effect service could be excused because of the deputy's sheriff's error, the return of service " 'should have put (her) on notice and inspired (her), through counsel, to exercise the greatest possible diligence to ensure proper and timely service.' [Cit.]" Id. Although appellant surely knew that the limitation period expired the day after she filed suit, the record does not disclose that she consulted readily available references such as county property records, postal authorities, or voting registration officials to ascertain the location of

Majestic Drive and effect prompt service. See id. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 20, 1991.

*Cramer, Weaver & Edwards, Timothy C. Cramer*, for appellant. *Carter & Ansley, Elizabeth J. Bondurant, Thomas E. Magill*, for appellee.