A94A1734. MANN et al. v. ATLANTA CASUALTY COMPANY.
(452 SE2d 130)

BLACKBURN, Judge.

This is an appeal from the trial court's dismissal of appellant/plaintiffs Necola and James Mann's complaint against appellee Atlanta Casualty Company, Necola Mann's uninsured motorist carrier, for damages arising from an automobile collision which occurred July 22, 1991.

The complaint was filed on July 19, 1993, and on that same date, service of process was unsuccessfully attempted on William McFar-

land, Jr., the named defendant, who had moved. Plaintiffs hired two skip tracers to locate McFarland, and he was subsequently found in Harris County, Georgia, where he was served on August 13, 1993, with the summons and complaint by a purported private process server hired by plaintiffs.

Pursuant to OCGA § 33-7-11 (d), Atlanta Casualty was properly served with a copy of the complaint on July 21, 1993. On August 13, 1993, Atlanta Casualty answered in its own name, asserting several defenses, including the expiration of the applicable statute of limitation.

During the discovery process, Atlanta Casualty advised plaintiffs, by letter dated December 23, 1993, that there had been a lack of service upon the defendant as the process server hired by plaintiffs had never been appointed by the trial court to serve the summons and complaint as required by OCGA § 9-11-4 (c). On January 4, 1994, plaintiffs forwarded the pleadings and discovery in this matter to the Harris County sheriff, who served the defendant on January 19, 1994.

On January 20, 1994, Atlanta Casualty filed its motion to dismiss plaintiffs' complaint, based in part upon a lack of service upon the defendant/tortfeasor and a lack of due diligence on the part of the plaintiffs in not serving defendant for a period of over five months after the expiration of the statute of limitation. The trial court considered plaintiffs' affidavit in response, and because of such consideration, converted the motion into one for summary judgment, which the trial court granted. Plaintiffs' appeal followed.

On appeal, the Manns assert in a single enumeration of error that the trial court erred in converting the motion to dismiss to a motion for summary judgment, erred in granting the motion, and erred in dismissing the complaint against Atlanta Casualty and McFarland. While the Manns' enumeration contains three separate errors in violation of OCGA § 5-6-40, we will exercise our discretion to address plaintiffs' enumerations of error to the extent it is necessary to do so to resolve this appeal. See *Meeks v. Cason*, 208 Ga. App. 658 (1) (431 SE2d 407) (1993). The Manns do not present any argument or citation of authority on the trial court's allegedly erroneous conversion of the motion to dismiss to one for summary judgment, and consequently, this alleged enumerated error is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Jabaley v. Jabaley*, 208 Ga. App. 179 (2) (430 SE2d 119) (1993).

The Manns erroneously assert that Atlanta Casualty, by answering the complaint in its own name, waived its right to assert the defenses of insufficiency of process and statute of limitation on behalf of McFarland. The defense of insufficiency of process is waived if not asserted either by motion before or at the time of pleading or in an answer. See *Morgan v. Morgan*, 193 Ga. App. 302 (3) (388 SE2d 2)

(1989). However, insufficiency of process is not an issue in this case because service of process has been perfected upon McFarland, albeit outside the applicable statute of limitation. "Thus, no ground exist[s] for any objection to the method of service. . . . Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and punctuation omitted.) *Starr v. Wimbush,* 201 Ga. App. 280, 281 (1) (410 SE2d 776) (1991).

In addition, "[w]hile the bar of the statute of limitation is a personal defense, and as a general rule can be interposed only by the party in whose direct favor it operates, it may be invoked by his privies in law or in contract. Inasmuch as [Atlanta Casualty] had a right under the Uninsured Motorist Statute to file all available defenses in the action, either in its name or in the name of the defendant, it is a privy in law as to this action, and is entitled to invoke the statute of limitation." (Citations omitted.) *Railey v. State Farm Mut. Auto. Ins. Co.,* 129 Ga. App. 875, 880 (3) (201 SE2d 628) (1973).

In order to recover benefits under the uninsured motorist policy issued by Atlanta Casualty, the Manns must, as a condition precedent, recover a judgment against McFarland, the uninsured motorist. *McCrary v. Preferred Risk Mut. Ins. Co.,* 198 Ga. App. 727, 728 (402 SE2d 519) (1991). The action against McFarland is only viable if the Manns can show that the applicable limitation period was tolled at the time service was perfected belatedly upon McFarland. Contrary to the Manns' contentions, the service attempted on McFarland on August 13, 1993, was a nullity, as the process server was not appointed by the trial court as required by OCGA § 9-11-4 (c), and "service under this [statute] must be made as provided." *Bible v. Bible,* 259 Ga. 418, 419 (383 SE2d 108) (1989). See also *Denny v. Croft,* 195 Ga. App. 871 (2) (395 SE2d 72) (1990).

It was plaintiffs' duty to insure that the person retained to effectuate service was authorized by law to do so. This is especially true where the plaintiffs went outside of governmental service authorities and sought the services of a private individual. If Atlanta Casualty, after service upon it, was able to ascertain that the process server had

not been duly appointed, why could not the plaintiffs, who had the duty to do so, have insured proper authority of the agent they selected to effectuate service on the defendant? We cannot say that the trial court abused its discretion in granting defendant's motion for summary judgment, based upon plaintiffs' lack of due diligence in serving the defendant.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — 

*Paul C. Parker & Associates, William S. Sarandis, William Rhymer, Philip L. Westee,* for appellants.

*Layfield, Rothschild & Morgan, W. Donald Morgan, Jr.,* for appellee.