A96A1671. CANTIN v. JUSTICE.
(480 SE2d 250)

BLACKBURN, Judge.

Michael J. Cantin appeals the trial court's determination that his personal injury claim was barred by the statute of limitation due to his lack of diligence in serving the complaint, particularly his failure to determine the correct county in which the defendant resided prior to filing the complaint.

On August 3, 1993, Cantin was involved in an automobile accident with Betheda F. Justice. Acting pro se, Cantin filed a suit against Justice on August 3, 1995, the last day to file within the statute of limitation. Although Cantin was aware of Justice's correct address, he erroneously determined that it was located in Fulton County where he filed his suit. On August 7, 1995, an entry of service form was filed indicating that the Fulton County Sheriff's Department could not serve the complaint as the address it listed for Justice was not found within Fulton County. Cantin averred that he became aware of this problem with service on August 10, 1995. The following day, August 11, 1995, Cantin filed a motion to transfer venue to DeKalb County, where Justice's residence was located. That same day Cantin also arranged for Justice to be served with a second original of his complaint by the DeKalb County Sheriff's Department. Justice was served on August 22, 1995, 19 days after the statute of limitation had expired. Cantin's motion to transfer venue from

Fulton to DeKalb County was granted on September 25, 1995.[1] The DeKalb County trial court subsequently entered summary judgment against Cantin based upon his lack of diligence in determining Justice's correct address prior to filing the complaint which resulted in it not being served until after the statute of limitation had expired.

Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service. *McCane v. Sowinski*, 143 Ga. App. 724 (240 SE2d 132) (1977). " 'The plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.' " *Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749 (452 SE2d 130) (1994).

In granting summary judgment, the trial court relied upon a line of cases from this Court holding that when a plaintiff is aware of a defendant's correct address, he must also determine the correct county in which that address is found, otherwise his actions show a lack of diligence that will support summary judgment against him. *Nee v. Dixon*, 199 Ga. App. 729, 730 (405 SE2d 766) (1991) ("appellant was aware of appellee's correct address at all times, and the burden was upon her to ascertain the county in which appellee resided before filing suit"); see also *McManus v. Sauerhoefer*, 197 Ga. App. 114 (397 SE2d 715) (1990); *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989).

The plaintiff contends that this matter is controlled by a recent Supreme Court decision, *Ga. Farm Bureau Mut. Ins. Co. v. Kilgore*, 265 Ga. 836 (462 SE2d 713) (1995). In *Kilgore*, the plaintiffs sued the owner and operator of a tractor that caused a collision. After the suit had been pending for many months, it was discovered that the defendants were uninsured. The plaintiffs then requested that a copy of their claim against the defendants be served upon their UM carrier. Due to the unavailability of the UM carrier's registered agent, the sheriff was unable to serve the carrier until two weeks after he had been requested to do so. This service came two days after the

---

[1] Rule T-13 of the Uniform Transfer Rules provides that once a case has been transferred to another court, it "shall continue in the court to which transferred as though initially commenced there and all pleadings . . . and other papers shall be deemed to be amended accordingly." Therefore, despite its transfer from Fulton to DeKalb County, Cantin's complaint is considered to have been filed with the DeKalb Superior Court on August 3, 1995, within the statute of limitation.

statute lapsed. The Supreme Court held that "[i]n determining whether diligence was exercised, the focus is upon the plaintiff's efforts *after becoming aware that the process server failed to perfect service* in accordance with the time limit provided in OCGA § 9-11-4 (c)." (Emphasis supplied.) Id. at 837. Accordingly, Cantin argues that his diligence should be measured from when he became aware of a problem with service, not from when he erroneously determined the county in which Justice's residence was located. We disagree.

*Kilgore* is distinguishable from the present case. There is no question that the plaintiffs in *Kilgore* initially provided the process server with correct information, including county, as to where the defendant could be located. The subsequent failure to serve within the statute of limitation was not related to any error or omission on the part of the plaintiffs. The rule announced in *Kilgore* did not attempt to address the present situation where the failure to timely serve was caused by the plaintiff's own error in determining the defendant's correct address. See *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 350 (408 SE2d 111) (1991) (distinguishes cases where late service was fault of "plaintiff in determining the location where defendant could be properly served" from those cases where the late service was unrelated to an act of the plaintiff); see also *Morse v. Flint River Community Hosp.*, 215 Ga. App. 224, 225 (450 SE2d 253) (1994) (when plaintiff "placed the summons and complaint in the hands of the proper officials with correct addresses attached, she did all that was required of her . . . [u]ntil she received some notice . . . that service was not possible"). Nor did *Kilgore* overrule *Nee*, supra, or any of the other prior cases that speak directly to this issue.

"[T]he trial court's exercise of discretion in determining diligence [in serving a complaint outside the safe harbor provision of OCGA § 9-11-4 (c)] will not be reversed on appeal unless it has been actually abused and cannot be supported as a matter of law." *Morse*, supra. In this case, in the exercise of its discretion, the trial court determined that Cantin had not been diligent in perfecting service due to his own failure to correctly determine the county in which defendant resided. While there was evidence in the record that would have supported a different conclusion, discretion is vested solely in the trial court which did not abuse its discretion in reaching its result. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 7, 1997.

*Paul C. Munger*, for appellant.
*Sharon W. Ware & Associates, Stuart Theodore*, for appellee.