## A97A1948. ROBISON v. GREEN.
(491 SE2d 95)

ELDRIDGE, Judge.

Appellant Skyler Robison sued appellee Robin E. Green f/k/a Robin E. Williams for damages resulting from an automobile collision on October 17, 1994, in Carroll County. Appellant and her father attempted to negotiate a settlement with appellee's insurance company; failing that, appellant retained counsel four days prior to the expiration of the statute of limitation. The suit was filed three days later on October 16, 1996. However, unaware that appellee's address was actually located in Paulding County, appellant filed the suit in Douglas County.

After service failed in Douglas County, appellant's counsel, on October 30, 1996, moved to transfer the case to Paulding County; the motion was granted on November 4, 1996, and the file was transferred on November 18, 1996. Appellee was served in Paulding County on November 25, 1996. Appellee moved to dismiss the case on February 24, 1997, two months after filing her answer, alleging that appellant failed to exercise due diligence in serving appellee after the expiration of the statute of limitation. Appellant responded to the motion to dismiss on March 14, 1997, by filing her own brief and affidavit. After considering the briefs and affidavits of both parties, the trial court "dismissed" appellant's case on April 8, 1997. Appellant appeals the dismissal. *Held:*

Appellant's sole enumeration of error is that the Paulding County trial court erred in granting appellee's motion to dismiss. In granting the motion, the trial court found that appellant failed to exercise due diligence in order to ascertain that appellee's address was located in Paulding County, not Douglas County, prior to filing the case. The trial court specifically found that *Cantin v. Justice,* 224

Ga. App. 195 (480 SE2d 250) (1997), was controlling.

1. In addressing this enumeration, we must first emphasize that, in considering whether to grant appellee's motion to dismiss the case sub judice under OCGA § 9-11-12 (b) (6), the trial court should have treated the motion as a motion for summary judgment under OCGA § 9-11-56, because appellee's motion was filed after her answer and the trial court considered the entire record, including matters outside the pleadings, as to the issue of appellant's due diligence. Under OCGA § 9-11-12 (b), such consideration converted the motion to dismiss into a motion for summary judgment. See also *Beazley v. Williams*, 231 Ga. 137 (200 SE2d 751) (1973). As such, once the decision was made to consider facts outside the pleadings, the trial court should have given notice that appellee's motion was to be considered a motion for summary judgment and should have allowed 30 days for appellant's response before considering the motion, pursuant to OCGA § 9-11-56 (c).

However, appellant did not raise such issue on appeal, asserting only that the trial court erred in finding that she did not exercise due diligence. Therefore, such issue is waived. See *Adams v. Trust Co. Bank*, 215 Ga. App. 269 (450 SE2d 305) (1994). Further, both parties submitted briefs and affidavits, so there is no indication of prejudice due to the trial court's failure to give notice of the actual nature of the pending action. As such, this Court will not reverse the case sub judice on this issue, but will instead address the merits of the appeal, treating the asserted dismissal as a grant of summary judgment.

2. We agree with the trial court that *Cantin*, supra, controls the disposition of the case sub judice. In *Cantin*, the plaintiff was aware of the defendant's correct street address, but erroneously determined that the address was in Fulton County instead of DeKalb County, the appropriate venue. After learning of the error, the plaintiff served the defendant with a second original of the complaint and filed a motion to transfer the action to DeKalb County. The defendant was served 19 days after the expiration of the statute of limitation. Following the transfer, the DeKalb County trial court granted the defendant's motion for summary judgment based on the plaintiff's lack of diligence in determining the defendant's correct address *prior to filing* the complaint. This Court held that "[w]here a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service. *McCane v. Sowinski*, 143 Ga. App. 724 (240 SE2d 132) (1977). ' "The plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in

perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." ' *Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749 (452 SE2d 130) (1994)." *Cantin*, supra at 196.

Further, "when a plaintiff is aware of a defendant's correct address, [she] must also determine the correct county in which that address is found, otherwise [her] actions show a lack of diligence that will support summary judgment against [her]. *Nee v. Dixon*, 199 Ga. App. 729, 730 (405 SE2d 766) (1991) ('appellant was aware of appellee's correct address at all times, and the burden was upon her to ascertain the county in which appellee resided *before filing suit*'); see also *McManus v. Sauerhoefer*, 197 Ga. App. 114 (397 SE2d 715) (1990); *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989)." (Emphasis supplied.) *Cantin*, supra at 196.

In the case sub judice, appellant admits in her brief to this Court that, in preparing the complaint, she "assumed" that appellee's Douglasville address was in Douglas County, not Paulding County. There is no indication in the record that any affirmative action was taken by appellant to confirm the proper venue for this action. "Although appellant surely knew that the limitation period expired the day after she filed suit, the record does not disclose that she consulted readily available references such as county property records, postal authorities, [sheriff or other law enforcement agencies], or voting registration officials to ascertain the location of [appellee's address] and effect prompt service." *Nee*, supra at 730-731. As such, even though evidence was presented that could support a different conclusion, the trial court did not abuse its discretion in granting summary judgment to appellee after finding that appellant failed to exercise due diligence in perfecting service because of her failure to correctly determine the proper venue prior to filing the complaint. See *Cantin*, supra at 197; *Nee*, supra at 730.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 6, 1997.

*James L. Kraemer*, for appellant.
*Law Office of Al Bridges, Robert A. De Metz, Jr.*, for appellee.