A98A0600. WAITS v. GIL.
(501 SE2d 303)

ANDREWS, Chief Judge.

Janis Waits appeals from the trial court's order granting Kimberly Gil's motion for summary judgment. The sole issue on appeal is whether the trial court erred in finding Waits' claim was barred by the statute of limitation because Waits was guilty of laches and failure to exercise due diligence in perfecting service on Gil.

This case arose when Waits and Gil were involved in an automobile accident on August 4, 1993. On August 2, 1995, two days before the statute of limitation was due to expire, Waits filed a Complaint for damages in Clayton County. Although the Complaint listed a correct address in Jonesboro, Georgia for defendant Gil, Gil's address

was actually in Henry County, not Clayton.

On August 8, 1995, the sheriff filed an entry of service stating that service was not perfected because Gil did not live in Clayton County. On September 29, 1995, Waits requested copies of the Complaint from the Clayton State Court clerk's office for service in Henry County. On October 16, 1995, Waits filed a motion to transfer the case to Henry County and on October 18, 1995, the motion was granted. The case was transferred on November 30, 1995, and Gil was finally served on March 3, 1996.

"Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. The plaintiff has the burden of showing that due diligence was exercised." *Smith v. Winn*, 198 Ga. App. 459 (402 SE2d 79) (1991). "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." *Lawrence v. Noltimier*, 213 Ga. App. 628 (445 SE2d 378) (1994) (citing *Freemon v. Dubroca*, 177 Ga. App. 745 (341 SE2d 276) (1986)).

Here, Waits had Gil's correct address at the time she filed her initial complaint, yet she did not serve Gil until seven months later. Waits argues she did the best she could but she was representing herself and this resulted in delays. For example, Waits states that after her motion to transfer was granted, she sent in the required filing fee, but she mailed personal checks. Accordingly, there was a four-day delay while she obtained money orders. Likewise, the reason Gil was not served until three months after the case was filed in Henry County was because Waits was unaware she had to pay an additional $25 fee before the sheriff could serve the complaint.

The mere fact that Waits is a pro se plaintiff cannot excuse a delay of over 200 days between the expiration of the statute of limitation and service on Gil. "[I]n a civil case[,] the court cannot put a pro se litigant on a different standard from one represented by counsel." *Long v. Marion*, 257 Ga. 431, 434 (360 SE2d 255) (1987); *Howell v. Styles*, 221 Ga. App. 781, 783 (472 SE2d 548) (1996). Moreover, this Court has held a pro se plaintiff did not exercise due diligence because he did not determine the correct county in which the defendant lived *prior to* filing his Complaint. In that case, the defendant was served 19 days after the statute of limitation expired and we upheld the trial court's determination that the plaintiff had not been

diligent in perfecting service due to his failure to determine the correct county in which the defendant resided. *Cantin v. Justice*, 224 Ga. App. 195 (480 SE2d 250) (1997). See also *Nee v. Dixon*, 199 Ga. App. 729, 730 (405 SE2d 766) (1991) (where appellant was at all times aware of appellee's correct address, she cannot attempt to excuse her lack of diligence by attempting to place the responsibility on others and, once she realized service had not been perfected, she was on notice to exercise the greatest possible diligence to ensure timely service); *McManus v. Sauerhoefer*, 197 Ga. App. 114, 115 (397 SE2d 715) (1990) (although appellant learned he had the correct address but the wrong county, he failed to perfect service for another two months and therefore did not show diligent service); *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989) (appellant was required to determine correct county of residence before filing suit, and service on defendant three months after expiration of statute of limitation did not show reasonable diligence); *Jones v. Brown*, 174 Ga. App. 632 (331 SE2d 24) (1985) (pro se plaintiff perfecting service after five months failed to exercise reasonable diligence).

Applying the above-stated case law to the facts before us, the record clearly shows the trial court did not abuse its discretion in finding that Waits failed to exercise reasonable diligence in serving Gil. Not only did Waits fail to ascertain Gil's correct county of residence prior to filing her Complaint, there are several unexplained delays occurring between the filing of the Complaint on August 2, 1995, and the perfection of service seven months later which cannot be attributed solely to Waits' pro se status. Accordingly, the trial court correctly granted Gil's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 13, 1998.

*James P. Brown, Jr.*, for appellant.
*Beck, Owen & Murray, William M. Dallas III*, for appellee.

