## A98A1542. STRICKLAND v. HOME DEPOT.
### (507 SE2d 783)

SMITH, Judge.

This appeal arises out of the trial court's dismissal of Brenda Strickland's personal injury lawsuit for failure to show due diligence in serving the complaint. We find no error and affirm.

Within the statute of limitation for filing a personal injury claim, Strickland filed suit in the State Court of Chatham County on October 14, 1996, alleging that she slipped and fell inside a Home Depot store on December 17, 1994.[1] Strickland alleged in her complaint that Home Depot could be served through its registered agent and recited an Atlanta address of 2727 Paces Ferry Road. Although Strickland does not dispute that this address is in Cobb County, the summons and complaint were forwarded by the State Court Clerk of Chatham County to the Fulton County Marshal's Office two days later for perfection of service on Home Depot's registered agent at the address specified in the complaint. Service was not perfected until four months later, as evidenced by a duplicate copy of the sheriff's entry of service appearing in the record showing that a Cobb County Deputy served Home Depot on February 27, 1997. The trial court granted Home Depot's motion to dismiss based on Strickland's failure to exercise due diligence in serving the complaint.

Strickland challenges this ruling, stating in her appellate brief that she "reasonably assumed" the complaint and summons would be properly served after she filed the documents in state court, because she "provided the correct street address and location to the process server." She further recites that on February 2, 1997, the Fulton County Sheriff's Office executed its entry of service form showing that Home Depot's address was Cobb County and that immediately after receiving this entry of service, she attempted service through the Cobb County Sheriff's Department. Strickland argues that less than 30 days elapsed from the time she received the Fulton County Sheriff's entry of service form placing her on notice of the incorrect county until service was perfected in Cobb County and that she therefore exercised due diligence in serving the complaint.

We find no merit in Strickland's arguments. The burden on a

---

[1] The statute of limitation would have expired two years from the date of Strickland's injury. OCGA § 9-3-33.

plaintiff who has failed to serve a complaint within the statute of limitation is well established: "When service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. The plaintiff must also show the failure to timely serve was not her fault." (Citations and punctuation omitted.) *Mitchell v. Hamilton*, 228 Ga. App. 850-851 (493 SE2d 41) (1997). See also *Robison v. Green*, 228 Ga. App. 27, 28-29 (2) (491 SE2d 95) (1997).

The record is silent as to why the summons and complaint were forwarded to Fulton County rather than Cobb County, and in her argument to the trial court, Strickland attempted to place responsibility on the state court and the marshal's office for the error by stating that she paid the clerk's office a fee to perfect service on Home Depot at the address listed for the registered agent and that the actions of the marshal's office were outside her control. But Strickland herself bore the burden of ascertaining the correct county for service and of showing due diligence. " 'The burden is on the plaintiff, not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible.' " *Corley v. Gilley*, 205 Ga. App. 660 (423 SE2d 55) (1992). And "when a plaintiff is aware of a defendant's correct address, she must also determine the correct county in which that address is found, otherwise her actions show a lack of diligence." (Punctuation omitted.) *Robison* at 29. See also *Cantin v. Justice*, 224 Ga. App. 195, 196 (480 SE2d 250) (1997); *Nee v. Dixon*, 199 Ga. App. 729 (405 SE2d 766) (1991).

Contrary to Strickland's argument that she provided the correct "location" for service to the process server, the record does not show that she took any affirmative action to determine the proper county for service; it does not, for example, "disclose that she consulted readily available references such as county property records, postal authorities, sheriff or other law enforcement agencies, or voting registration officials to ascertain the location of appellee's address and effect prompt service. [Cit.]" (Punctuation omitted.) *Robison* at 29. Strickland cannot excuse this lack of diligence by attempting to place blame on others. *Nee*, supra at 730. See also *McManus v. Sauerhoefer*, 197 Ga. App. 114, 116 (397 SE2d 715) (1990); *Walker v. Hoover*, 191 Ga. App. 859, 861 (383 SE2d 208) (1989). Unlike cases such as *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 350 (408 SE2d 111) (1991) and *Jackson v. Nguyen*, 225 Ga. App. 599, 600 (484 SE2d 337) (1997), in which plaintiffs provided the proper address for service of process to the sheriff's department and therefore "did all that was initially expected of them," Strickland failed to

provide the proper location for service of process by ascertaining the correct county for service. She therefore failed to meet her burden of exercising due diligence.

*Starr v. Wimbush*, 201 Ga. App. 280 (410 SE2d 776) (1991), the sole case cited by Strickland in support of her argument that she exercised due diligence, does not demand a different conclusion. In *Starr*, in an order permitting service by publication, the trial court found due diligence in attempting to serve defendant. Id. at 282. After this order was entered, plaintiff perfected service. A different trial judge then concluded that due diligence in service had not occurred and dismissed the complaint. Id. at 281. This court stated that if the record showed only plaintiff's "steady efforts" to effect service, the trial court's ruling would have been correct. Id. at 281-282. But we went on to note that due diligence had previously been found in the order permitting service by publication and that diligence in service was measured from the date of that order until the time service was perfected. We held that because "additional steps," id. at 282, were taken to locate defendant between issuance of the order permitting service by publication and the time defendant was served less than two months later, the trial court abused its discretion in dismissing the complaint.

But here, no finding of due diligence has previously been entered, and more importantly, Strickland failed to exercise due diligence before she filed her complaint by failing to determine the correct county for service. See *Nee*, supra at 730 (duty on plaintiff to ascertain proper county for service before filing suit). Nor has she shown that she exercised due diligence *after* she learned the correct location for serving Home Depot. Although Strickland asserts in her appellate brief that she acted diligently to perfect service after learning from a return of service form dated February 2 that service could not be perfected in Fulton County, the February 2 form document does not appear in the record. Strickland simply has provided no evidence supporting her allegation that she learned of the mistake on February 2. In addition, her brief contains nothing more than bare, unsupported allegations that she acted diligently once she learned of that mistake. And assertions of fact unsupported by evidence cannot be considered by this Court. See, e.g., *Zaytzeff v. Safety-Kleen Corp.*, 222 Ga. App. 48, 49 (1) (473 SE2d 565) (1996).

Because the record supports the conclusion that Strickland failed to exercise due diligence in determining the correct county for service and that she failed to exercise due diligence in serving the complaint once she learned that the correct county for service was Cobb County rather than Fulton County, we cannot say that the trial court abused its discretion in granting Home Depot's motion to dismiss.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 28, 1998.

*Joyce M. Griggs*, for appellant.
*Mosley, Finlayson & Loggins, Carroll G. Jester, Jr.*, for appellee.