Robert E. McANDREW, Plaintiff-Counter-Defendant-Appellant,

v.

LOCKHEED MARTIN CORPORATION, Successor in Interest to Lockheed-Aeronautical Systems Company, a division of Lockheed Corporation, et al., Defendants-Counter-Claimants-Appellees,

J. A. Blackwell, Jr., T. A. Graham, et al., Defendants-Appellees.

No. 97-8483.

United States Court of Appeals,

Eleventh Circuit.

June 18, 1999.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:96-CV-1584-JOF), J. Owen Forrester, Judge.

Before BARKETT, Circuit Judge, and GODBOLD and GOODWIN[*], Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

Plaintiff alleges that his employer Lockheed Martin Corporation and various of its officers conspired: (1) to deter him from testifying before a federal grand jury investigating the sale of aircraft by Lockheed to Egypt and (2) to fire him in retaliation for having testified. He sued under 42 U.S.C. § 1985(2), 42 U.S.C. § 1986, the United States and Georgia constitutions, and Georgia intentional infliction of emotional distress common law. Lockheed filed counterclaims asserting that plaintiff breached his fiduciary duties to Lockheed and committed fraud in connection with the sale at issue in the investigation.

The district court dismissed: (1) plaintiff's § 1985 claim because the intracorporate conspiracy doctrine destroyed plaintiff's allegation of conspiracy; (2) his § 1986 claim because it is derivative of the § 1985 claim and because the one-year statute of limitations had run; (3) his constitutional claims because he failed to allege state action; and (4) his intentional infliction of emotional distress claim because the statute of limitations had run. The court entered a Rule 54(b) certificate pursuant to which the counterclaims remain pending in the district court.

---

[*]Honorable Alfred T. Goodwin, U.S. Senior Circuit Judge for the Ninth Circuit, sitting by designation.

Plaintiff's appeal questions the court's ruling on the § 1985 claim and the intentional infliction of emotional distress claim. He does not appeal the dismissal of his § 1986 claim or his constitutional claims. We reverse the district court on the § 1985 claim and affirm the decision on the intentional infliction of emotional distress claim.

## I. *Section 1985 Claim*

The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, which negates the multiplicity of actors necessary for a conspiracy. Defendants contend plaintiff cannot show a conspiracy under 42 U.S.C. § 1985(2) because the doctrine applies in the civil rights context. The district court accepted defendants' argument and dismissed the § 1985 claim for failure to allege an actionable conspiracy. The court relied upon *Nelson Radio & Supply Co. v. Motorola Inc.,* 200 F.2d 911, 914 (5th Cir.1952), an anti-trust case which appears to have been first to apply the intracorporate conspiracy doctrine.

The circuits are split as to whether the intracorporate conspiracy doctrine should be applied outside the antitrust field. Some circuits have extended the doctrine to apply in all types of civil actions including civil rights actions alleging a conspiracy under § 1985.[1] *See Benningfield v. City of Houston,* 157 F.3d 369, 378 (5th Cir.1998), *cert. denied,* --- U.S. ----, 119 S.Ct. 1457, --- L.Ed.2d ---- (1999); *Hartman v. Board of Trustees,* 4 F.3d 465, 469-70 (7th Cir.1993); *Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ.,* 926 F.2d 505, 509 (6th Cir.1991); *Buschi v. Kirven,* 775 F.2d 1240, 1252 (4th Cir.1985); *Cross v. General Motors Corp.,* 721 F.2d 1152, 1156 (8th Cir.1983); *Herrmann v. Moore,* 576 F.2d 453, 459 (2nd Cir.1978). Other circuits have held that the doctrine does not extend to civil rights conspiracies under § 1985. *See Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1127 (10th Cir.1994); *Stathos v. Bowden,* 728 F.2d 15, 20-21 (1st Cir.1984) (Breyer, J.); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n,* 584 F.2d 1235, 1256-59 (3rd

---

[1]However, most of these circuits have recognized an exception to the intracorporate conspiracy doctrine where the employees of a corporation are alleged to have acted for their own personal benefit. *E.g., Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir.1994). The "personal stake" exception does not apply in this case because plaintiff alleged defendants were acting within the course and scope of their employment. Complaint ¶ 9.

Cir.1978), *vacated on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *see also Saville v. Houston Co. Healthcare Auth.,* 852 F.Supp. 1512, 1539 (M.D.Ala.1994).

The Supreme Court has recognized the conflict between the circuits but declined to resolve it. *See Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 775 n. 24, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984); *Novotny,* 442 U.S. at 372, n. 11, 99 S.Ct. 2345 (1979). However, the Court has decided conspiracy cases against members of a single corporation without applying the intracorporate conspiracy doctrine, which appears to indicate it does not consider the doctrine an absolute. *See U.S. v. Wise,* 370 U.S. 405, 82 S.Ct. 1354, 8 L.Ed.2d 590 (1962) (corporate officer subjected to prosecution under section one of the Sherman Act where indictment alleged conspiracy between officer and corporation; no explanation why intracorporate conspiracy doctrine did not apply).

Although the Eleventh Circuit has joined the majority of circuits in holding that the intracorporate conspiracy doctrine does not apply to criminal conspiracies, *see U.S. v. Hartley,* 678 F.2d 961, 970-72 (11th Cir.1982), we have not ruled on whether it applies in civil rights actions. We now align ourselves with the First, Third and Tenth Circuits and decline to extend the doctrine to the civil rights area.

The fiction of corporation personification originated to broaden the scope of corporate responsibility by making corporations accountable for the acts of their agents. *See Hartley,* 678 F.2d at 970-72 (refusing to apply intracorporate conspiracy doctrine to criminal conspiracy and noting with approval that courts have refused to apply doctrine in § 1985 context). The intracorporate conspiracy doctrine's shield of corporate responsibility derives from the special nature of antitrust law. *See Copperweld,* 467 U.S. at 769, 104 S.Ct. 2731; *Stathos,* 728 F.2d at 20-21; *Nelson,* 200 F.2d at 914. Section one of the Sherman Act is aimed at preventing entities that previously had been pursuing diverging goals from uniting their economic power by, for example, fixing a price. An internal agreement to implement a single corporation's policies does not suddenly bring together diverging economic power and so does not raise the antitrust dangers that section one was designed to police. Rather, joint internal decision-making is socially useful and often necessary. By contrast, where civil rights are at issue discrimination by an individual business is no less harmful than

discrimination by multiple businesses nor does internal discrimination confer any benefit on society. *See*

*Stathos,* 728 F.2d at 21.

In addition, the language of the Sherman Act seems to require application of the intracorporate conspiracy doctrine to section one claims. "Section one's reference to conspiracies 'in restraint of trade' implies a requirement of multiple entities while section two's prohibition of monopolies aims at a single conglomerate. If section one's conspiracy charge was satisfied by a single corporate entity, it would arguably render section two meaningless." *See Hartley,* 678 F.2d at 971. By contrast, § 1985(2) requires simply that "two or more persons" conspire and there is no indication to the contrary in the legislative history. Moreover, the roots of § 1985 lie in the Civil Rights Act of 1871, the Ku Klux Klan Act, and we doubt Congress intended for the Klan to be able to escape liability by incorporating.

Because plaintiff has adequately alleged a conspiracy under § 1985(2), the judgment of the district court is reversed as to the § 1985 claim.[2]

## II. *Intentional Infliction of Emotional Distress Claim*

The statute of limitations governing a claim for intentional infliction of emotional distress under Georgia law is two years. O.C.G.A. § 9-3-33. Filing a complaint tolls the statute of limitations if (a) proper service of process is perfected within five days of the filing of the complaint or (b) plaintiff diligently attempted to perfect service. *See* O.C.G.A. § 9-11-4; *Cambridge Mut. Fire Ins. Co. v. Claxton,* 720 F.2d 1230, 1232 (11th Cir.1983); *Webb v. Murphy,* 142 Ga.App. 649, 236 S.E.2d 840, 841 (1977). To perfect service under Georgia law, the plaintiff must either personally serve defendants or obtain a waiver of personal service. O.C.G.A. § 9-11-4. The district court found plaintiff's state law claims barred by Georgia's statute

---

[2]Defendants also contend plaintiff can not meet the injury requirement of his § 1985 claim because he was an at will employee. *See Morast v. Lance,* 807 F.2d 926, 932 (11th Cir.1987) (discharged at will employee had no constitutionally protected interest in continued employment and therefore did not suffer actual injury). The court rejected defendants' argument and the *Morast* decision. The court was correct. Subsequent to the court's decision, the Supreme Court held that an at will employee was "injured in his person or property" and thus could state a claim for damages under § 1985. *Haddle v. Garrison,* --- U.S. ----, ----, 119 S.Ct. 489, 492, 142 L.Ed.2d 502 (1998).

of limitations because plaintiff did not perfect service on the defendants within five days of filing the complaint nor did he diligently attempt to perfect service.

Whether plaintiff diligently attempted to perfect service is a question for the trial court which must decide "whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to ensure that a proper service was made as quickly as possible." *Robinson v. Stuck,* 194 Ga.App. 311, 390 S.E.2d 603, 604 (1990). The court did not abuse its discretion in finding that plaintiff's delay in perfecting service was unreasonable. *See Cambridge,* 720 F.2d at 1233 ("trial court is vested with discretion to determine the cause of the delay, and if the trial court determines that the delay is attributable to the plaintiff and so dismisses the complaint, the court of appeals will not intervene"); *Robison v. Green,* 228 Ga.App. 27, 491 S.E.2d 95, 97 (1997) (perfecting service 40 days after filing of complaint constitutes failure to exercise due diligence); *Cantin v. Justice,* 224 Ga.App. 195, 480 S.E.2d 250, 251-52 (1997) (perfecting service 19 days after filing of complaint constitutes failure to exercise due diligence). Plaintiff served the defendants by mail within five days of filing his complaint but he never obtained a waiver of personal service. He then waited 44 days before personally serving the first defendant. The last defendant was not served until 65 days after the filing of the complaint. Plaintiff's contention that he was unaware of the Georgia requirements or that they had anything to do with the statute of limitations is not a compelling reason for the failure of timely service.

Because the statute of limitations expired, we affirm the judgment of the district court on plaintiff's intentional infliction of emotional distress claim without considering whether defendants' alleged conduct was sufficiently extreme, outrageous and egregious as to give rise to a cause of action for intentional infliction of emotional distress.

### III. *Conclusion*

We REVERSE the district court on the § 1985 claim and AFFIRM the decision on the intentional infliction of emotional distress claim. The case is REMANDED for consideration of plaintiff's § 1985 claim and Lockheed's counterclaims.