A99A2443. IN RE ESTATE OF REECE.
(532 SE2d 726)

POPE, Presiding Judge.

Peggy S. Reece appeals the probate court decision dismissing with prejudice her application for year's support in connection with the death of her husband Larry Cecil Reece. She asserts the court made several erroneous findings leading to its decision.

Larry Reece died intestate on December 20, 1995, leaving a widow, an adult daughter (Vickie Knicely), and a 14-year-old son. On April 1, 1996, Reece became administrator of her husband's estate. She filed an application for year's support on December 18, 1996, on behalf of herself and her minor child. She included a prayer that "citation issue and be published, and (all interested persons) be given . . . notice . . . by mailing to [them] a copy of said citation." On December 19, the court signed an "Order for Citation" directing the clerk of the court to mail a copy of the citation to all the interested persons. Although notice was published in the county legal newspaper, notice to the interested persons was never mailed.

On February 3, 1997, there was a hearing in the case following which the probate court continued the case, stating that it "require[d] a specific description of the property of the decedent."

On February 19, 1999, more than three years after her husband's death, Reece filed an amendment to her original petition for year's support and included a legal description of the real property. A hearing was held on February 23, and the probate court entered an "Order for Citation" on that day in which it stated that Reece's original application did not include the appropriate legal descriptions and that, therefore, the citation was never served on the interested parties. The court went on to note that Reece's amended application did

contain legal descriptions and that the court would reissue the citation for the case and order the clerk to serve the citation on the interested parties. Service was accomplished shortly thereafter.

On March 3, Knicely filed a caveat to the application for year's support and one week later filed a motion to dismiss the application on several grounds including that the applicable statute of limitation had run. On June 1, the court entered detailed findings of fact and conclusions of law, dismissing the application for year's support with prejudice.

In seven enumerations of error, Reece contends the court erred in granting the motion to dismiss.

The court found that because the initial petition was missing certain information, it was not properly filed and could not be served.[1] The court indicated that the February 3, 1997 continuance was granted in order to allow Reece to get the missing information but that Reece did not take action for two more years, until after the limitation period had run. An amended application containing the proper information ultimately was served. But, because that amendment came over three years after the death of the deceased and because Reece was guilty of laches in the interim, the statute of limitation was not tolled. Further, by that time, the minor son had reached the age of majority thereby eliminating his claim for year's support for a second reason.[2]

The critical fact in this case is that the interested parties were not served with notice of the application for year's support until after the running of the statute of limitation. Although the parties dispute whether the original application contained all of the information required by the statute, that issue is moot because Reece failed to act diligently to ensure that service occurred within the statute of limitation.

OCGA § 53-5-2 (d) of the pre-1998 Probate Code required that all applications for year's support "shall be filed within three years from the date of death of the decedent."[3] Under the facts of this case, the same Code required service on the interested parties: "[t]he judge of the probate court or his clerk shall cause a copy of the citation to be sent by mail to each interested person. . . ." OCGA § 53-5-8 (c) (2), (3). Here there was no service within the three-year limitation period.

---

[1] The court found that the initial application was missing three things: (1) the value of the estate; (2) an inventory of all property sought to be set aside; and (3) legal descriptions of the real estate.

[2] The minor son turned 18 years old on February 15, 1999.

[3] The parties agree that the pre-1998 Probate Code is applicable to this case. All references will be to that law.

Under the Civil Practice Act, it is well settled that mere filing of an action without service does not toll the statute of limitation. See *Thorburn Co. v. Allied Media &c.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999); *Hilton v. Maddox Bishop &c. Contractors*, 125 Ga. App. 423 (188 SE2d 167) (1972) and cases cited therein. And, "[w]hen service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised." (Citations and punctuation omitted.) *Mitchell v. Hamilton*, 228 Ga. App. 850-851 (493 SE2d 41) (1997). We see no reason why the same rule should not apply to the service provisions of an application for year's support. See *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974) (probate court is bound by the Civil Practice Act).

In 1976, the Supreme Court of Georgia held that the Due Process clause of the United States Constitution requires that all interested persons who are known or easily ascertainable must receive notice of a year's support action. *Allan v. Allan*, 236 Ga. 199, 206 (223 SE2d 445) (1976).[4] The same principle of due process underlies the requirement of adequate notice for other actions at law. See *Thompson v. Lagerquist*, 232 Ga. 75, 76 (205 SE2d 267) (1974) ("notice is the very bedrock of due process"). Accordingly, we hold that filing an application for year's support without proper service does not toll the three-year limitation period for year's support proceedings.

Thus, the question is whether Reece was guilty of laches in failing to exercise due diligence to ensure that the interested parties were served. That question "is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138) (1984).

Although OCGA § 53-5-8 provides that the court will mail the required notice, it is always the burden of the applicant to ensure that service is timely made. See generally *Strickland v. Home Depot*, 234 Ga. App. 545, 546 (507 SE2d 783) (1998) (burden on plaintiff not sheriff and state court); *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (1) (298 SE2d 510) (1982) (burden on plaintiff not sheriff). Here, the court indicated in its order of February 3, 1997, that it required more information. Further, because it was a matter of record, Reece was on notice that service had not been made on the interested parties from the beginning of the case. Yet, Reece took no steps whatsoever — for over two years — to respond to the court's request for information or to ensure that service was effected in a timely manner. Accordingly, Reece is not being penalized for relying on the court to serve the notice. Compare *Jackson v. Nguyen*, 225 Ga. App. 599, 600-601 (484

---

[4] The following year the requirement for notice by mail was added to the statutory scheme. See Ga. L. 1977, p. 545, § 2; OCGA § 53-5-8.

SE2d 337) (1997) (plaintiff did all that was expected in initiating service).

We find no abuse of discretion.

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 27, 2000.

*Donald L. Mize,* for appellant.

*Moore, Ingram, Johnson & Steele, William R. Johnson, Melissa W. Gilbert,* for appellee.

