## A02A2338. WILLIAMS v. BRAGG.
(579 SE2d 800)

SMITH, Chief Judge.

In this appeal, Joseph L. Williams challenges the trial court's grant of summary judgment in favor of Shaun C. Bragg in Williams's action stemming from a vehicular collision. The primary issue in this case is whether service, accomplished after the expiration of the statute of limitation, related back to the time of filing the complaint. The trial court concluded that it did not. We agree and affirm.

The collision in issue occurred on April 15, 1998. According to Williams's attorney, before initially filing the complaint in the State Court of Chatham County on April 13, 2000, she "verified" Bragg's address "with the Bloomingdale Police Department/Recorder's Court," which informed her that Bragg resided in Chatham County. On May 10, 2000, when she had not received the sheriff's return of service, she telephoned the state court and learned that service had not been accomplished. She telephoned the Chatham County Sheriff's Department and learned that Bragg's address was "on the Chatham/Effingham county line and that Chatham County did not ser-

vice his area." She then mailed the complaint and summons to the Effingham County Sheriff's Department for service. When that sheriff's department had not served Bragg by May 16, 2000, she retained a private process server, who served Bragg on May 21, 2000.

Williams contends the trial court abused its discretion and erred as a matter of law in failing to find that he was reasonably diligent. He points out correctly that when the statute of limitation expires between the date of filing and the date of service, whether that service relates back is dependent upon the length of time and the diligence of the plaintiff. *Wade v. Whalen*, 232 Ga. App. 765 (1) (504 SE2d 456) (1998).

> The correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff·was in any way guilty of laches. . . . The plaintiff has the burden of showing lack of fault.

(Punctuation and footnote omitted.) Id. Determining whether this burden has been met is in the trial court's discretion, and the trial court's finding will not be disturbed absent an abuse of discretion. *Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749 (452 SE2d 130) (1994).

It is well established that "when a plaintiff is aware of a defendant's correct address, he must also determine the correct county in which that address is found, otherwise his actions show a lack of diligence that will support summary judgment against him. [Cits.]" *Cantin v. Justice*, 224 Ga. App. 195, 196 (480 SE2d 250) (1997). Accord *Robison v. Green*, 228 Ga. App. 27, 29 (491 SE2d 95) (1997). This is particularly true when the statute of limitation expires almost immediately after the complaint is filed. Here, the statute of limitation expired on April 15, 2000. OCGA § 9-3-33. The complaint was filed two days before its expiration. Yet the record does not show that Williams consulted any readily available references to ensure that the suit·against Bragg was being filed in the proper county. *Robison*, supra; *Nee v. Dixon*, 199 Ga. App. 729, 730-731 (405 SE2d 766) (1991). Williams apparently relied upon misinformation from the Bloomingdale Police Department, when he was "obligated to ascertain this information before filing suit. [Cit.]" *Walker v. Hoover*, 191 Ga. App. 859, 861 (383 SE2d 208) (1989). Williams "cannot excuse [his] lack of diligence by attempting to place responsibility on others." Id.

Moreover, the Chatham.County Sheriff's return of service, which was filed with the court on April 18, 2000, within five days of filing

the complaint, stated that Bragg was not a Chatham County resident. This should have placed Williams on notice that Bragg's address was not in Chatham County and inspired him "to exercise the greatest possible diligence to ensure proper and timely service." (Citations and punctuation omitted.) *Nee*, supra at 730. When Williams did not receive a copy of this return of service, it was his responsibility "to ascertain whether or not there was a problem with service." *Sykes v. Springer*, 220 Ga. App. 388, 390 (1) (469 SE2d 472) (1996). Yet "he took no steps to ascertain whether service had been made before" May 10, 2000, "even though he knew the statute of limitation had expired." *Douglas v. Seidl*, 251 Ga. App. 147, 148 (553 SE2d 829) (2001).

The trial court apparently determined that Williams had not been diligent in perfecting service because of his own failure to determine correctly the county in which Bragg resided. Although evidence existed in the record that might have supported a different conclusion, in determining diligence discretion is vested solely in the trial court. Under the circumstances presented here, we cannot say that the trial court abused its discretion in reaching its result. *Cantin*, supra at 197.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MARCH 19, 2003.

*Zena E. McClain*, for appellant.
*Brannen, Searcy & Smith, Jordon D. Morrow*, for appellee.