# HADDLE *v.* GARRISON ET AL.

No. 97–1472. Argued November 10, 1998—Decided December 14, 1998

*Charles C. Stebbins III* argued the cause and filed briefs for petitioner.

*Matthew D. Roberts* argued the cause for the United States as *amicus curiae* urging reversal. With him on the brief were *Solicitor General Waxman, Acting Assistant Attorney General Lee, Deputy Solicitor General Underwood, David K. Flynn,* and *Timothy J. Moran.*

*Phillip A. Bradley* argued the cause for respondents. With him on the briefs for respondents Garrison et al. were *Barry J. Armstrong* and *David E. Hudson. J. Patrick Claiborne* and *Terrance P. Leiden* filed a brief for respondent Molloy.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

Petitioner Michael A. Haddle, an at-will employee, alleges that respondents conspired to have him fired from his job in retaliation for obeying a federal grand jury subpoena and to deter him from testifying at a federal criminal trial. We hold that such interference with at-will employment may give rise to a claim for damages under the Civil Rights Act of 1871, Rev. Stat. § 1980, 42 U. S. C. § 1985(2).

According to petitioner's complaint, a federal grand jury indictment in March 1995 charged petitioner's employer,

---

*Briefs of *amici curiae* urging reversal were filed for the Lawyers' Committee for Civil Rights Under Law by *George W. Jones, Jr., Jacqueline Gerson Cooper, Daniel F. Kolb, Norman Redlich, Barbara R. Arnwine, Thomas J. Henderson, Richard T. Seymour,* and *Teresa A. Ferrante;* for the National Employment Lawyers Association et al. by *Mark Allen Kleiman* and *Paula A. Brantner;* and for the National Whistleblower Center by *Stephen M. Kohn.*

Healthmaster, Inc., and respondents Jeanette Garrison and Dennis Kelly, officers of Healthmaster, with Medicare fraud. Petitioner cooperated with the federal agents in the investigation that preceded the indictment. He also appeared to testify before the grand jury pursuant to a subpoena, but did not testify due to the press of time. Petitioner was also expected to appear as a witness in the criminal trial resulting from the indictment.

Although Garrison and Kelly were barred by the Bankruptcy Court from participating in the affairs of Healthmaster, they conspired with G. Peter Molloy, Jr., one of the remaining officers of Healthmaster, to bring about petitioner's termination. They did this both to intimidate petitioner and to retaliate against him for his attendance at the federal-court proceedings.

Petitioner sued for damages in the United States District Court for the Southern District of Georgia, asserting a federal claim under 42 U. S. C. § 1985(2) and various state-law claims. Petitioner stated two grounds for relief under § 1985(2): one for conspiracy to deter him from testifying in the upcoming criminal trial and one for conspiracy to retaliate against him for attending the grand jury proceedings. As § 1985 demands, he also alleged that he had been "injured in his person or property" by the acts of respondents in violation of § 1985(2) and that he was entitled to recover his damages occasioned by such injury against respondents jointly and severally.

Respondents moved to dismiss for failure to state a claim upon which relief can be granted. Because petitioner conceded that he was an at-will employee, the District Court granted the motion on the authority of *Morast* v. *Lance,* 807 F. 2d 926 (1987). In *Morast,* the Eleventh Circuit held that an at-will employee who is dismissed pursuant to a conspiracy proscribed by § 1985(2) has no cause of action. The *Morast* court explained: "[T]o make out a cause of action under § 1985(2) the plaintiff must have suffered an actual in-

jury. Because Morast was an at will employee, . . . he had no constitutionally protected interest in continued employment. Therefore, Morast's discharge did not constitute an actual injury under this statute." *Id.*, at 930. Relying on its decision in *Morast*, the Court of Appeals affirmed. Judgt. order reported at 132 F. 3d 46 (1997).

The Eleventh Circuit's rule in *Morast* conflicts with the holdings of the First and Ninth Circuits. See *Irizarry* v. *Quiros*, 722 F. 2d 869, 871 (CA1 1983), and *Portman* v. *County of Santa Clara*, 995 F. 2d 898, 909–910 (CA9 1993). We therefore granted certiorari, 523 U. S. 1136 (1998), to decide whether petitioner was "injured in his property or person" when respondents induced his employer to terminate petitioner's at-will employment as part of a conspiracy prohibited by § 1985(2).

Section 1985(2), in relevant part, proscribes conspiracies to "deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified."[1] The statute provides that if one

---

[1] Section 1985(2) proscribes the following conspiracies: "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

or more persons engaged in such a conspiracy "do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, . . . the party so injured . . . may have an action for the recovery of damages occasioned by such injury . . . against any one or more of the conspirators." § 1985(3).[2]

Petitioner's action was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because, in the Eleventh Circuit's view, he had not suffered an injury that could give rise to a claim for damages under § 1985(2). We must, of course, assume that the facts as alleged in petitioner's complaint are true and that respondents engaged in a conspiracy prohibited by § 1985(2). Our review in this case is accordingly confined to one question: Can petitioner state a claim for damages by alleging that a conspiracy proscribed by § 1985(2) induced his employer to terminate his at-will employment?[3]

We disagree with the Eleventh Circuit's conclusion that petitioner must suffer an injury to a "constitutionally protected property interest" to state a claim for damages under § 1985(2). Nothing in the language or purpose of the proscriptions in the first clause of § 1985(2), nor in its attendant remedial provisions, establishes such a requirement. The gist of the wrong at which § 1985(2) is directed is not deprivation of property, but intimidation or retaliation against witnesses in federal-court proceedings. The terms "injured in his person or property" define the harm that the victim may suffer as a result of the conspiracy to intimidate or retaliate. Thus, the fact that employment at will is not "prop-

---

[2] Section 1985(3) contains the remedial provision granting a cause of action for damages to those harmed by any of the conspiracies prohibited in § 1985. See *Kush v. Rutledge*, 460 U. S. 719, 724–725 (1983) (listing the various conspiracies that § 1985 prohibits).

[3] We express no opinion regarding respondents' argument that intimidation claims under § 1985(2) are limited to conduct involving force or threat of force, or their argument that only litigants, and not witnesses, may bring § 1985(2) claims. We leave those issues for the courts below to resolve on remand.

erty" for purposes of the Due Process Clause, see *Bishop* v. *Wood*, 426 U. S. 341, 345–347 (1976), does not mean that loss of at-will employment may not "injur[e] [petitioner] in his person or property" for purposes of § 1985(2).

We hold that the sort of harm alleged by petitioner here—essentially third-party interference with at-will employment relationships—states a claim for relief under § 1985(2). Such harm has long been a compensable injury under tort law, and we see no reason to ignore this tradition in this case. As Thomas Cooley recognized:

> "One who maliciously and without justifiable cause, induces an employer to discharge an employee, by means of false statements, threats or putting in fear, or perhaps by means of malevolent advice and persuasion, is liable in an action of tort to the employee for the damages thereby sustained. *And it makes no difference whether the employment was for a fixed term not yet expired or is terminable at the will of the employer.*" 2 Law of Torts 589–591 (3d ed. 1906) (emphasis added).

This Court also recognized in *Truax* v. *Raich*, 239 U. S. 33 (1915):

> "The fact that the employment is at the will of the parties, respectively, does not make it one at the will of others. The employé has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion and, by the weight of authority, the unjustified interference of third persons is actionable although the employment is at will." *Id.,* at 38 (citing cases).

The kind of interference with at-will employment relations alleged here is merely a species of the traditional torts of intentional interference with contractual relations and intentional interference with prospective contractual relations. See Restatement (Second) of Torts § 766, Com-

ment *g*, pp. 10–11 (1977); see also *id.*, § 766B, Comment *c*, at 22. This protection against third-party interference with at-will employment relations is still afforded by state law today. See W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keaton on Law of Torts § 129, pp. 995–996, and n. 83 (5th ed. 1984) (citing cases). For example, the State of Georgia, where the acts underlying the complaint in this case took place, provides a cause of action against third parties for wrongful interference with employment relations. See *Georgia Power Co.* v. *Busbin*, 242 Ga. 612, 613, 250 S. E. 2d 442, 444 (1978) ("[E]ven though a person's employment contract is at will, he has a valuable contract right which may not be unlawfully interfered with by a third person"); see also *Troy* v. *Interfinancial, Inc.*, 171 Ga. App. 763, 766–769, 320 S. E. 2d 872, 877–879 (1984) (directed verdict inappropriate against defendant who procured plaintiff's termination for failure to lie at a deposition hearing).[4] Thus, to the extent that the terms "injured in his person or property" in § 1985 refer to principles of tort law, see 3 W. Blackstone, Commentaries on the Laws of England 118 (1768) (describing the universe of common-law torts as "all private wrongs, or civil injuries, which may be offered to the rights of either a man's person or his property"), we find ample support for our holding that the harm occasioned by the conspiracy here may give rise to a claim for damages under § 1985(2).

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

---

[4] Petitioner did bring a claim for tortious interference with his employment relation against respondents in Georgia state court, but that claim was dismissed on summary judgment and the dismissal affirmed on appeal. The ultimate course of petitioner's state-law claim, however, has no bearing on whether he can state a claim for damages under § 1985(2) in federal court.