**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SONNI SCHWINN,

      Plaintiff-Appellant,

v.

HUMAN AFFAIRS
INTERNATIONAL, INC.; MARSHA
PETERS, ERIC EPPERSON,
STEPHANIE BOYERS, individually
and in their employment capacity with
the Defendant corporation,

      Defendants-Appellees.

No. 99-4140
(D.C. No. 97-CV-271-S)
(D. Utah)

---

ORDER AND JUDGMENT   *

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Sonni Schwinn began working for defendant Human Affairs International, Inc. (HAI) as an associate proposal writer in 1994 when she was sixty years old. Defendants Peters, Epperson and Boyers were her supervisors. Following difficulties in the working relationship between the parties, plaintiff resigned in July 1996. She then brought this action alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, conspiracy under 42 U.S.C. § 1985(3), and intentional infliction of emotional distress. She also attempted to amend her complaint to add a claim of gender discrimination. The district court dismissed the conspiracy and intentional infliction of emotional distress claims, denied her leave to amend her complaint, and granted summary judgment to HAI on her ADEA claim. Plaintiff appeals. We affirm for the reasons stated below.

*Dismissal of conspiracy claim*

Plaintiff asserted a claim against the individual defendants under 42 U.S.C. § 1985(3) alleging that they conspired to deprive her of the equal opportunities of her job and equal protection in her working conditions. The district court noted that plaintiff apparently conceded that violations of the ADEA cannot support a § 1985(3) claim. It then held that her vague and conclusory allegations of

-2-

violations of her rights to equal protection and property interests failed to adequately state a claim under § 1985(3), noting in particular that as an at-will employee, plaintiff had no property interest in her employment.

We review the district court's dismissal for failure to state a claim de novo, *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999), and may affirm for any reason supported by the record, *see Seibert v. Oklahoma ex rel. Univ. of Okla. Health Sciences Ctr.*, 867 F.2d 591, 597 (10th Cir. 1989). Plaintiff contends that her § 1985(3) claim has been validated by the Supreme Court's determination that interference with an at-will employment relationship is sufficient to state a claim under § 1985(2). *See Haddle v. Garrison*, 525 U.S. 121, 126 (1998). *Haddle*, however, is irrelevant to the principles that § 1985(3) does not create its own substantive rights but merely provides a remedy for violation of other rights, *see Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979), and that § 1985(3) claims must be based on racial or class-based discrimination, *see Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). The only class on which the alleged conspiracy could be based is plaintiff's age, and her substantive rights in this regard are created by the ADEA. Violation of the ADEA cannot form the basis for a § 1985(3) claim. *See Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 527 (2d Cir. 1996).

*Dismissal of intentional infliction of emotional distress claim*

Noting that plaintiff conceded that the Utah Worker's Compensation Act generally provides the exclusive remedy for job-sustained injury, the district court rejected plaintiff's contention that she fell within an exception for deliberate intent to injure. On appeal, she contends only that the exclusive-remedy provision is unconstitutional. She did not raise this argument in the district court, and we will not consider it. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

*Denial of motion for leave to amend complaint*

Seventeen months after filing her complaint and four months after the deadline for amending pleadings, plaintiff moved for leave to amend her complaint to add a claim of gender discrimination that had not been administratively exhausted and which was based on an incident occurring over two years before she filed her complaint. She has not persuaded us that the district court abused its discretion in denying her motion. *See Ben Ezra, Weinstein, & Co. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

*Grant of summary judgment to HAI on ADEA claim*

Plaintiff contended that HAI denied her equal pay and promotional opportunity and constructively discharged her in violation of the ADEA. In

assessing her claims, the district court applied the *McDonnell Douglas* [2] burden-shifting scheme, *see Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir.), *cert. denied*, 525 U.S. 1054 (1998). For the equal pay and promotional opportunity claims, the court assumed that plaintiff made her prima facie case. It then found that HAI had met its burden of proffering facially nondiscriminatory reasons for the challenged employment actions. Specifically, it found that plaintiff was the only proposal writer without a college degree and that HAI's supervisory personnel and senior writers viewed her performance and skills as deficient. The court then held that plaintiff had not demonstrated that these explanations for the challenged actions were pretextual. With respect to the constructive discharge claim, the court first held that plaintiff had failed to demonstrate that HAI created working conditions that were sufficiently intolerable as to be actionable as a constructive discharge and thus failed to establish her prima facie case. Alternatively, the court held that HAI met its burden of showing legitimate nondiscriminatory reasons for its actions, and that plaintiff again failed to show these reasons were pretextual.

On appeal, plaintiff challenges all of the district court's determinations leading to its grant of summary judgment to HAI. Further, she contends that the

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

court erred by not granting her motion for summary judgment on ADEA liability. We review the district court's grant of summary judgment de novo, applying the same standards under Fed. R. Civ. P. 56 used by the district court. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S. Ct. 53 (1999). We have fully considered plaintiff's arguments and reviewed the record, and we conclude the district court correctly assessed the parties' motions for summary judgment. Therefore, for substantially the same reasons as stated in the district court's May 29, 1999 memorandum decision, we affirm its grant of summary judgment to HAI and its denial of summary judgment to plaintiff.

AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge