Kimberly NORTHRUP, Plaintiff,

v.

CONSECO FINANCE CORP, et al., Defendants.

No. CIV.A. 4:00–CV–58(HL).

United States District Court, M.D. Georgia, Columbus Division.

March 30, 2001.

---

15. Flores Complaint para. 49 (Plaintiff's appendix 45) (emphasis added).

Stephen M. Katz, Atlanta, GA, for Kimberly Northrup, plaintiff.

Amy Miller, Atlanta, GA, for Conseco Finance Corporation, Conseco Finance Servicing Corp., John Hicks, Diane Carther, Todd Mouledous, defendants.

LAWSON, District Judge.

Before the Court is Defendants' motion to dismiss or, in the alternative, motion for summary judgment. [Tab # 5] For the reasons stated below, Defendants' motion is GRANTED.

## I. *Facts*

Plaintiff, Kimberly Northrup, was employed by the corporate Defendants ("Conseco") as a loan officer until March 2000. One month before she was fired Loretta Ashley, one of Ms. Northrup's co-workers, made a sexual harassment complaint to Conseco's human resources office. An internal investigation ensued, during which Ms. Northrup was identified as a "key witness" to Ms. Ashley's allegations. Ms. Northrup contends that her supervisor, Defendant Mouledous, regarded Ms. Ashley's claim as a "bunch of bullshit" and that he pressured her to lie about her observations when she met with Conseco's human resources director. (Pl's. Response at 4.) After Ms. Northrup met with the human resources director, she alleges that

Mouledous and Defendant Carthar, a "team leader" in Conseco's Columbus, Georgia office, continued to harass and intimidate her in an effort to deter her from testifying in the lawsuit that they apparently expected Ms. Ashley to file. No party contends, however, that Ms. Ashley actually ever filed a sex harassment complaint with the EEOC or in federal court. (Pl's. Response at 2; Defs.' Mot. to Dismiss at 2, 5.) Within one month of her meeting with Conseco's human resources director, Ms. Northrup contends that Mouledous, Carthar and Defendant Hicks, a regional manager for Conseco, conspired to fire her because she refused to lie about her observations regarding Ms. Ashley's sex harassment claim. Defendants contend that Ms. Northrup was terminated for unacceptably low productivity levels. On April 14, 2000, Plaintiff filed this action contending that Defendants interfered with a federal judicial proceeding in violation of 42 U.S.C. §§ 1983 and 1985(2), that they breached their duty to refrain from threatening and intimidating her in an effort to deter her testimony in violation of O.C.G.A. §§ 51-1-6, 16-10-32, and 16-10-93, and that their actions constituted civil conspiracy in violation of Georgia common law.

## II. *Discussion*

Section 1985 of Title 42 of the United States Code provides, generally, that:

1. 42 U.S.C.A. § 1985(2) provides, in part:

   If two or more persons in any state or territory conspire to deter by force, intimidate, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or in-

in any case of conspiracy set forth in this section, if one of more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

*See* 42 U.S.C.A. § 1985 (West 1994, Supp. 2000). Section 1985(2) establishes two broad categories of conspiracies: those that are designed to obstruct the course of justice in the federal judicial system [1], and those that are designed to interfere with the equal protection of the laws.[2] Here, Plaintiff contends that Defendants conspired to interfere with the former.

### A. Interference with a Federal Judicial Proceeding

■■ Plaintiff cannot sustain her cause of action for interference with a federal judicial proceeding because there was no proceeding pending in federal court when she claims that Defendants intimidated her in an effort to prevent her testimony. To state such a claim, she must allege that (1) two or more people conspired (2) to deter

dictment lawfully assented to by him, or of his being or having been such juror ....

2. Section 1985(2) continues:

   [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen equal protection of the laws, or to injure him or his property for lawfully enforcing, to attempting to enforce, the right of any person or class of persons, to the equal protection of the laws ....

a witness from testifying in a pending federal proceeding (3) which results in injury to the plaintiff. *See* 42 U.S.C.A. § 1985. Here, Plaintiff meets elements one and three. She contends that Defendants Mouledous and Carthar harassed and intimidated her after she spoke to the human resources director regarding her co-worker's sex harassment claim, that she was fired within a month of her meeting with the human resources director, and that Defendant Hicks approved of and participated in the decision to terminate her employment. (Pl's. Complaint ¶¶ 21–24.) These allegations meet the requirements for a conspiracy, *see Graves v. U.S.*, 961 F.Supp. 314, 319, (D.D.C.1997) (stating that a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is agreement between parties to inflict a wrong against or injury upon another, and an overt act that results in that damage), and they meet the requirements for an injury. *See Haddle v. Garrison*, 525 U.S. 121, 125, 119 S.Ct. 489, 492, 142 L.Ed.2d 502 (1998) (holding that an at-will employee need not suffer an injury to a "constitutionally protected property interest to state a claim for damages under § 1985(2)") (internal quotations omitted).

■ Ms. Northrup's claim does not, however, meet the second element of § 1985(2), which requires a witness to be deterred from testifying in a *pending* federal proceeding. *See* 42 U.S.C.A. § 1985 (emphasis added). The parties agree that in this case no federal proceeding was pending. (Pl's. Response at 2; Defs.' Mot. to Dismiss at 2, 5.) Ms. Ashley had not even filed a charge of discrimination with the EEOC. (Defs.' Mot. to Dismiss at 6.) Instead, Plaintiff cites *Haddle* as support for the proposition that § 1985(2) claims

do not require pending federal proceedings. *See Haddle v. Garrison*, 525 U.S. 121, 123, 119 S.Ct. 489, 490, 142 L.Ed.2d 502 (1998). In *Haddle*, the petitioner "appeared to testify before the grand jury pursuant to a subpoena, but did not testify due to the press of time. Petitioner was also expected to appear as a witness in the criminal trial resulting from the indictment." *Id.* Here, Plaintiff argues that a pending federal proceeding is not required because the petitioner in *Haddle* was merely expected to testify at the criminal trial and because the trial had not yet been scheduled. The Court disagrees. An ongoing trial is not the only means of satisfying the "pending federal proceedings" requirement. The grand jury proceedings in *Haddle* qualify as a pending federal proceeding, and thus *Haddle* does not stand for the proposition for which Plaintiff argues it does. Even though the petitioner in *Haddle* never actually testified before the grand jury, he attended the grand jury proceeding and is therefore still protected by the statute. *See* 42 U.S.C.A. § 1985(2) (providing, in part, "If two or more persons in any state or territory conspire to deter ... any party or witness in any court of the United States from *attending* such court, or from testifying to any matter pending therein, ... or to injure such party or witness in his person or property on account of his having so *attended* or testified") (emphasis added). The Court's research uncovers no authority, and it is cited to none, that would support the proposition that § 1985(2) claims do not require pending federal proceedings. In fact, not one of the cases relied upon presents such a fact scenario. *See Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir. 1987) (holding that "interference or obstruction of administrative proceedings is not redressable under section 1985(2)"); *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 347–48 (5th Cir.1981) (stating that

alleged retaliation for attempting to file or actually filing a lawsuit is insufficient to state a claim under section 1985(2)). Plaintiff argues that *Kimble* supports a witness's future right to appear and testify in federal court. *See Kimble v. D.J. McDuffy, Inc.,* 648 F.2d at 348 (stating that § 1985(2) "was intended to protect against direct violations of a party or witness's right to attend or testify in federal court"). That may be, but only where there is a federal proceeding which is pending. The plain language of the statute reveals as much. *See* 42 U.S.C.A. § 1985(2) (providing, in part, "If two or more persons in any state or territory conspire to deter ... any party or witness in any court of the United States from attending such court, or from testifying to any matter *pending* therein ....") (emphasis added). Even if the Court were obligated to look beyond the face of the statute, it would find that the legislative history supports the same conclusion. *See* Cong. Globe, 42d Cong., 1st Sess. 247–48 (1871) (stating that Congress's goal in passing § 1985(2), also known as the Ku Klux Klan Act, was to maintain the authority of the federal government); *accord McCord v. Bailey,* 636 F.2d 606, 615 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981) (stating that "restoration of the federal courts' ability to proceed without improper interference" was a major objective of Congress's enactment of § 1985(2)). Therefore, because the case law, plain language of the statute, and its legislative history all support the proposition that a federal proceeding must be pending when a plaintiff claims to have been intimidated, Ms. Northrup cannot sustain her cause of action under § 1985(2).

### B. Breach of Duty

██ Plaintiff also asserts a cause of action against Defendants, arguing that they are civilly liable, pursuant to O.C.G.A. § 51–1–6, because they breached the duties, established by O.C.G.A. §§ 16–10–32 and 16–10–93, to refrain from threatening witnesses in official proceedings and to refrain from influencing witness in official proceedings. While creative, this cause of action also fails because O.C.G.A. §§ 16–10–32 and 16–10–93 are criminal statutes and O.C.G.A. § 51–1–6 does not give rise to a private cause of action unless the statutes outlining the legal duty provide for a civil remedy. *See Mattox v. Yellow Freight Sys., Inc.,* 243 Ga.App. 894, 534 S.E.2d 561 (2000); *Reilly v. Alcan Aluminum Corp.,* 272 Ga. 279, 528 S.E.2d 238 (stating that an employee cannot sue his employer under section 51–1–6 where the statute relied upon as creating the legal duty does not provide a civil right of action); *See also Calhoun v. Federal Nat'l Mtg. Ass'n.,* 823 F.2d 451, 455 (11th Cir. 1987), *cert. denied,* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1019 (holding that Georgia penal statutes do not give rise to private causes of action for the conduct proscribed).

### C. Conspiracy

Since Plaintiff cannot sustain a cause of action under O.C.G.A. §§ 16–10–32 and 16–10–93, her claim for conspiracy necessarily fails because there is no underlying wrong. *See Cook v. Robinson,* 216 Ga. 328, 329, 116 S.E.2d 742, 745 (1960); *Rose v. Zurowski,* 236 Ga.App. 157, 158 n. 1, 511 S.E.2d 265, 266 n. 1 (1999) (holding that a cause of action for conspiracy cannot stand alone).

### III. Conclusion

Plaintiff's § 1985(2) claim fails because there was no proceeding pending in federal court when the alleged intimidation occurred, her claim for breach of duty fails because the statutes upon which she relies

do not provide for a civil remedy, and her conspiracy cause of action fails because she has not properly pled an underlying wrong. Accordingly, Defendants' motion to dismiss is **GRANTED**.