[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1042

ARTHUR D'AMARIO, III,

Plaintiff, Appellant,

v.

KENNETH D. COLLINS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Arthur D'Amario on brief pro se.
Marvin C. Moos, Nathan M. Rymer and Smith, Rymer, Moore & Moos, P.C. on brief for appellee Alan T. Robillard.
John J. Cloherty, III, John J. Davis and Pierce, Davis & Perritano, LLP on brief for appellees Kenneth D. Collins, George Bussiere, Arthur Brillon and City of Attleboro.

August 8, 2002

**Per Curiam**.  Arthur D'Amario, III, appeals a district court judgment that dismissed his complaint on the ground that his current claims are barred by a release that settled a prior lawsuit ("the Dufort lawsuit" or "the Dufort release") and/or by Heck v. Humphrey, 512 U.S. 477 (1994).  We affirm.

D'Amario contended that he was falsely arrested in September 1998 on a fugitive from justice warrant and subsequently "falsely imprisoned" during court-ordered psychiatric evaluations in retaliation for his bringing of the Dufort lawsuit.  He claims that both were "proceedings" that "terminated in his favor" and that, contrary to the district court's conclusion, these claims were not encompassed within the Dufort release, but had been specifically reserved.  Even if not barred by the Dufort release, however, these contentions fail to state a claim upon which relief can be granted and, thus, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) was warranted.

The classification of fugitive from justice does not constitute a substantive criminal offense and, thus, D'Amario's characterization of the resolution of this status as a "proceeding" which was resolved in his favor (because that fugitive warrant was dismissed) is dubious.  The fugitive warrant was simply used to secure D'Amario's attendance at court proceedings intended to determine whether D'Amario had violated the Sellers' protective order. Rather than "terminate in his favor," the fugitive warrant was presumably dismissed when he, in fact, appeared.  Similarly, that D'Amario was

-2-

determined to be competent, in terms of both ability to stand trial on, and criminal responsibility for, charges of violating the Sellers' protective order, is also hardly a termination in his favor. Moreover, the proceedings *did not* terminate in D'Amario's favor; he was convicted of violating that protective order and placed on probation. From aught that appears, D'Amario was validly convicted of violating the Sellers' protective order. He, thus, suffered no injury as a result of a conspiracy to retaliate against him for filing the Dufort lawsuit. See Haddle v. Garrison, 525 U.S. 121, 124-25 (1998) (plaintiff must allege an injury by defendants in violation of 42 U.S.C. § 1985(2)). D'Amario "does not state a cause of action by merely adding a subjective assertion that the conduct [which is constitutionally unobjectionable] was improperly motivated." Lyons v. Sullivan, 602 F.2d 7, 11 (1st Cir.) (per curiam), cert. denied, 444 U.S. 876 (1979).

D'Amario also alleged that the February 1999 search of his apartment was conducted without probable cause. He argues that this claim is not barred by Heck because he is not challenging his federal felon-in-possession conviction. Assuming, *dubitante*, that this claim is not barred by Heck, D'Amario nonetheless does not prevail. He raised the issue of probable cause in his criminal appeal. We rejected that claim then, concluding there was probable cause for the warrant, United States v. D'Amario, 2 Fed. Appx. 25, 2001WL120055 (1st

Cir. 2001) (unpublished per curiam), and D'Amario may not relitigate it now.

We have considered the rest of the arguments raised by D'Amario in his appellate brief. They have no merit and do not warrant further mention.

The motion for recusal is <u>denied</u>.

The renewed motion for counsel is <u>denied</u>.

<u>Affirmed</u>.